10-1997-ag
*Yan v. Holder*
BIA
A095 461 853

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of March, two thousand twelve.

PRESENT: ROSEMARY S. POOLER,
         RICHARD C. WESLEY,
         GERARD E. LYNCH,
                *Circuit Judges.*

_____

TIAN H. YAN,
     *Petitioner,*

     -v.-                                10-1997-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:     Peter S. Gordon, Forest Hills, N.Y.

FOR RESPONDENT:     Tony West, Assistant Attorney General; William C. Peachey, Assistant Director; and Puneet Cheema, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Tian Hua Yan, a Chinese native and citizen, seeks review of the BIA's denial of his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

We review BIA decisions on motions to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Yan's second renewed motion to reopen was number barred and untimely because he filed it more than five years after his final removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Nevertheless, the 90-day timeliness requirement does not apply to motions to reopen based on changed country conditions, so long as the new evidence is material, was previously unavailable, and could not have been discovered and presented at the prior hearing. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3)(ii). Changed country conditions are distinct from changed personal circumstances. *See, e.g.*, *Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

As a preliminary matter, we find Yan exhausted his claim of deteriorating country conditions because he argued before the BIA that China's conditions had deteriorated before *and* *after* the Olympics. Nevertheless, we conclude the BIA did not abuse its discretion by rejecting Yan's argument.

2

First, while Yan's Falun Gong practice may have changed his *personal* circumstances, it did not change the conditions in China. Second, substantial evidence supports the BIA's findings that Falun Gong repression has been ongoing since Yan's 2003 hearing, so he could have, and should have, made the argument then. While Yan suggests China increased repression of Falun Gong practitioners in the lead up to the Olympics, there is evidence that repression of Falun Gong practitioners has been constant and ongoing since Yan's 2003 hearing. Third, the BIA's references to Yan's submitted evidence, "demonstrate that it has considered such evidence" and rejected it. *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).

To conclude, it was not an abuse of discretion to find no changed country conditions and to deny Yan's motion as untimely. We have considered and reject Yan's other arguments. Yan's petition for review is **DENIED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3